# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LANGDON RILEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NATIONWIDE MUTUAL ) <br> INSURANCE COMPANY, ) <br> ) <br> Defendant. ) | Case No. 4:24-cv-01565-MTS |

## MEMORANDUM AND ORDER

As a United States District Court, this Court has only limited jurisdiction, which is "defined (within constitutional bounds) by federal statute." *Badgerow v. Walters*, 596 U.S. 1, 7 (2022). One such constitutional limitation is the doctrine of mootness. *Bishop v. Comm. on Pro. Ethics & Conduct of Iowa State Bar Ass'n*, 686 F.2d 1278, 1283 (8th Cir. 1982). When a case or controversy that the Court is empowered to hear becomes moot, the Court loses jurisdiction over it. *See id.* That is the case here. More than two months ago now, the parties "executed [a] settlement agreement and liability release" resolving this matter. Doc. [33] ¶ 2. Eight weeks ago, Defendant sent a settlement check to Plaintiff's counsel. *Id.* ¶ 3. Nevertheless, Plaintiff has twice sought additional time within which to file dismissal papers because of problems he and his attorney are having with a nonparty lienholder endorsing the settlement check.

"Courts are not licensed 'to retain jurisdiction over cases in which one or both of the parties plainly lack a continuing interest, as when the parties have settled.'" *Folta v.*

*Norfork Brewing Co.*, 88 F.4th 1266, 1268 (8th Cir. 2023) (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 192 (2000)).  For that reason, "[a] binding settlement agreement generally moots the underlying claims in [a] suit." *See Daniels v. Hughes*, 147 F.4th 777, 783 (7th Cir. 2025); *accord* 13B *Wright & Miller's Federal Practice & Procedure*, § 3533.2 (3d ed.) ("A settlement of all claims among all parties also removes the necessary element of adversariness and moots the action.").

Indeed, settlement agreements, it has been held, moot cases even when the agreement includes "executory terms." *Tosco Corp. v. Hodel*, 804 F.2d 590, 592 (10th Cir. 1986) (per curiam).  That is to say, "an enforceable settlement generally renders a case moot even though the parties have not yet performed the terms." *Serta Simmons Bedding, LLC v. Casper Sleep Inc.*, 950 F.3d 849, 852–53 (Fed. Cir. 2020); *accord Church of Celestial Heart v. Bondi*, 1:23-cv-0545-SAB, 2025 WL 1635932, at *2 (E.D. Cal. June 9, 2025) (noting "dismissal is not dependent upon performance" of a finalized and signed settlement agreement).  Here, though, we do not even have outstanding terms that need performed; Defendant already has executed the parties' settlement agreement by tendering payment to Plaintiff.  Doc. [33] ¶ 2; Doc. [35] ¶ 7–8.[1]

* * *

In sum, Plaintiff has "secured [his] requested relief," rendering this action moot. *See* Wright & Miller, *supra*, § 3533.2.  The Court therefore "must dismiss" it. *See* Fed. R.

---

[1] Nor has either party ever requested that any of the terms of settlement be made a part of any future order of dismissal.  *See O'Mara v. Bob Raeker Plumbing Co.*, 4:20-cv-1573-MTS, 2022 WL 1442781, at *1–*3 (E.D. Mo. May 6, 2022).

Civ. P. 12(h)(3); *see also Allan v. Minn. Dep't of Hum. Servs.*, 127 F.4th 717, 720 (8th Cir. 2025) ("If an action becomes moot, we must dismiss for lack of jurisdiction.").[2]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Second Motion for Extension of Time to File Dismissal Papers, Doc. [35], is **DENIED**. The Court will enter herewith an Order of Dismissal that will dismiss this action without prejudice.

Dated this 6th day of February 2026.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] A dismissal for lack of subject matter jurisdiction generally must be without prejudice. *Dalton v. NPC Int'l, Inc.*, 932 F.3d 693, 696 (8th Cir. 2019). *See also, e.g.*, *Farabee v. Smith*, No. 23-7037, 2024 WL 4799472, at *1 n.* (4th Cir. Nov. 15, 2024) (per curiam) ("[D]ismissals for mootness, as with other jurisdictional defects, are without prejudice."); *Baltimore v. Pruitt*, 293 F. Supp. 3d 1, 5 (D.D.C. 2017) ("[D]ismissals on the grounds of mootness constitute dismissals for want of jurisdiction, which must be dismissed without prejudice . . . .").